UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL V. SHAW,<br><br>Defendant. | Criminal No. 06-038M-01 |

**DETENTION MEMORANDUM**

The Defendant, Michael Shaw, has been charged in a criminal compliant with unlawful, knowing, and intentional possession with intent to distribute crack cocaine, a schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and with the unlawful and knowing possession of a firearm, that is, a Glock 9mm semi-automatic pistol by a person convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held February 10, 2006. At the conclusion of the hearings, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Robert Overmyer of the Metropolitan Police Department's Seventh District testified on behalf of the government. Officer Overmyer testified that on February 1, 2006 at approximately 2:50 a.m., Metropolitan Police Department conducted a traffic stop at the 4200 block of 8th Street, S.E., Washington, DC of the car the Defendant was driving. While talking to the Defendant, who was the only person in the car, one of the officers noticed a green weed-like substance in the driver's door handle that field tested positive for THC, the active ingredient in marijuana.

The officers searched the car and discovered a brown paper bag in the trunk that contained multiple ziplocs with a clear rock-like substance, numerous empty ziplocs and a razor blade. The white rock-like substance field-tested positive for cocaine. The total amount of crack cocaine recovered from Defendant's car was approximately 25 grams. Officers also found a loaded Glock 9mm semi-automatic pistol in the glove compartment. The pistol was later test-fired by the police and was found to be operable. In addition, the police recovered approximately $1,500.00 in U.S. Currency from Defendant's pants pockets.

A criminal record check indicated that the Defendant was previously convicted of a crime punishable by a term of at least one year. Having heard the testimony of Officer Overmyer at the February 10, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed offenses in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the

community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, the Court finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. A search of the Defendant's car in which he was sitting revealed illegal narcotic drugs and a loaded handgun. The quantity of the narcotics, the presence of numerous ziplocs and the razor all indicate that the Defendant was engaged in narcotics trafficking. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. A large amount of narcotics and a loaded handgun were found in the car in which the Defendant was sitting. The

Defendant is the owner of the car and was the only occupant when the police stopped him.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has multiple prior convictions, at least one of which is a felony crime involving guns and drug distribution. This defendant is a recidivist for the purposes of 18 U.S.C. § 3142. Furthermore, at the time the Defendant was arrested, the Defendant was under court supervised release probation for a possession of controlled substances and a third or subsequent DUI offense.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's prior convictions, his failure to follow court-imposed release conditions, and the current charges before this Court involving narcotics and a firearm, clearly demonstrate that he is a substantial danger to the community. The rampant epidemic of drug related shootings and murders reported daily by the news media bears graphic witness to the fact that unlawful possession of a firearm and narcotics trafficking are offenses that tear the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

- 5 -

Dated: February_16th_, 2006           _____/s/_____
                                      ALAN KAY
                                      UNITED STATES MAGISTRATE JUDGE